UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
OMAR VAZQUEZ and MANUEL ROSADO　　　　Civil Action No.:
ESPINAL,

                        Plaintiffs,

-against-

BETTER FLOORS & PAINT LLC and
JOSE ZAMBRANO,

                        Defendants.
-------------------------------------------------------------------X

## COMPLAINT

Plaintiffs, OMAR VAZQUEZ and MANUEL ROSADO ESPINAL, as and for their Complaint against Defendants, BETTER FLOORS & PAINT LLC and JOSE ZAMBRANO (hereinafter collectively "Defendants"), respectfully allege as follows:

### JURISDICTION AND VENUE

1. Plaintiffs bring this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law (hereinafter the "NYLL"), and the supporting New York State Department of Labor Regulations of the New York Codes, Rules, and Regulations (hereinafter the "Regulations"), including 12 N.Y.C.R.R. § 142-2.2, to recover unpaid overtime compensation and for other relief.

2. Jurisdiction over Plaintiffs' FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

1

3. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue is appropriate in the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff, Omar Vazquez ("Vazquez"), is an adult individual who is a resident of Corona, New York.

6. Vazquez was employed by Defendants as a laborer from around March 2013 to February 25, 2017.

7. Plaintiff, Manuel Rosado Espinal ("Espinal"), is an adult individual who is a resident of Jamaica, New York.

8. Espinal was employed by Defendants as a laborer from on or about March 2013 to February 11, 2017.

9. Defendant, Better Floors & Paint LLC ("Better Floors"), is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

10. Upon information and belief, at all relevant times, Better Floors has maintained, and still maintains, a place of business located at 95-26 105th Street, Ozone Park, New York.

11. Upon information and belief, defendant, Jose Zambrano, is an adult individual residing in the State of New York.

12. Upon information and belief, at all relevant times, Jose Zambrano was, and still is, a member of Better Floors.

13. Upon information and belief, at all relevant times, Jose Zambrano exercised operational control over Better Floors, controlled significant business functions of Better Floors, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Better Floors in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees, including Plaintiffs.

14. At all relevant times, Jose Zambrano has managed and supervised Plaintiffs' work as laborers for Defendants.

15. As such, at all relevant times, Jose Zambrano has been an employer under the FLSA and the NYLL.

## FACTS

16. Jose Zambrano hired Plaintiffs.

17. Jose Zambrano decided the job duties that Plaintiffs performed on a daily basis.

18. Jose Zambrano determined the manner in which Plaintiffs were paid.

19. Jose Zambrano determined Plaintiffs' weekly rate of pay.

20. Jose Zambrano made the decision to pay Plaintiffs in cash on a weekly basis.

21. Jose Zambrano determined Plaintiffs' work schedules.

22. Jose Zambrano decided the number of hours that Plaintiffs worked each week.

23. Jose Zambrano participated in running the day-to-day operations of Better Floors during Plaintiffs' employment.

24. Plaintiffs' job duties included installing and repairing the floors of Defendants' customers as directed by Jose Zambrano.

25. During his employment, with the exception of July and August 2016, Vazquez worked six days a week with Sunday being his off day.

26. During this time period, Vazquez worked the following shifts: Monday through Saturday from 7:00 a.m. each morning to 6:30 p.m. each evening.

27. During this time, Vazquez took a 1 hour lunch break each day.

28. During this time, Vazquez worked 63 hours each week.

29. During this time, Vazquez was paid by the hour.

30. During this time, Vazquez was paid for only nine hours a day at the straight time rate of either $10.00 or $10.50 an hour.

31. During this time, Vazquez was only paid for 54 hours a week at a straight time hourly rate even though he worked 63 hours a week.

32. During this time, Vazquez was not paid any compensation at all for 9 hours of work each week.

33. During this time, Vazquez was not paid time and a half his regular rate of pay when he worked more than 40 hours each week.

34. During this time, Vazquez was not paid overtime compensation.

35. During his employment, with the exception of April through July 2015, Espinal worked six days a week with Sunday being his off day.

36. During this time period, Espinal worked the following shifts: Monday through Saturday from 7:00 a.m. each morning to 6:30 p.m. each evening.

37. During this time, Espinal took a 1 hour lunch break each day.

38. During this time, Espinal worked 63 hours each week.

39. During this time, Espinal was paid by the hour.

40. During this time, Espinal was paid straight time at an hourly rate of either $10.00, $11.00, or $12.00 an hour for all hours that he worked each week.

41. During this time, Espinal was not paid time and a half his regular rate of pay when he worked more than 40 hours each week.

42. During this time, Espinal was not paid overtime compensation.

43. During their employment, Plaintiffs never received a wage notice showing their weekly rate of pay or their overtime rate of pay.

44. During their employment, Plaintiffs never received a written statement with their cash wages that included their weekly rates of pay, their overtime rate, and the total number of hours that they worked each workweek.

45. During their employment, Defendants did not track the hours that Plaintiffs worked each day and each week of their employment.

46. During their employment, Defendants managed Plaintiffs' employment, including the amount of overtime they worked each workweek.

47. During this time, Defendants dictated, controlled, and ratified the wage-and-hour and all related employee compensation policies.

48. During this time, Defendants were aware of Plaintiffs' work hours, but failed to pay the Plaintiffs the full amount of wages to which they were entitled each week for this work time under federal and state laws.

49. Defendants' failures to pay Plaintiffs proper wages in a timely manner have been made without good faith, willfully, and with a reckless disregard for Plaintiffs' rights; and Plaintiffs have been damaged, and continues to be damaged, by such failures.

## COUNT I

### FLSA Overtime Wage Claim

50. Plaintiffs allege, re-allege, and incorporate by reference all allegations set forth in each of the preceding paragraphs as though fully set forth herein.

51. At all times relevant to this Complaint, Defendants have been and continue to be, an "employer" within the meaning of the FLSA (29 U.S.C. § 207(a)(2)).

52. At all times relevant to this Complaint, Defendants "employed" Plaintiffs by suffering or permitting them to work within the meaning of the FLSA (29 U.S.C. § 203(g)).

53. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

54. At all times relevant to this Complaint, Defendants had, and continue to have, employees handle goods or materials that have moved in interstate commerce, including the Plaintiffs who have worked as floor installers for Defendants.

55. At all times relevant to this Complaint, Better Floors was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA (29 U.S.C. § 203(s)).

56. Upon information and belief, the gross annual volume of sales made or business done by Better Floors for the years 2016, 2015, and 2014 was not less than $500,000.00 each year.

57. At all times relevant to this action, Plaintiffs were entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. §§ 207, *et seq*.

58. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

59. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiffs overtime compensation as required by the FLSA.

60. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

61. However, none of the Section 13 exemptions apply to Plaintiffs because they have not met the requirements for coverage under the exemptions.

62. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

63. Defendants have not acted in good faith with respect to the conduct alleged herein.

64. As a result of Defendants' violations of the FLSA, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees, and costs of litigation pursuant to 29 U.S.C. § 216(b).

## COUNT II

### NYLL Overtime Wage Claim

65. Plaintiffs allege, re-allege and incorporate by reference all of the allegations from all preceding paragraphs as though fully set forth herein.

66. At all times relevant to this Complaint, Defendants were "employers" of Plaintiffs within the meaning of the NYLL and the regulations pertaining thereto.

67. At all times relevant to this Complaint, Plaintiffs were "employees" of Defendants within the meaning of the NYLL and the regulations pertaining thereto.

68. At all times relevant to this Complaint, Defendants employed Plaintiffs, suffering or permitting them to work within the meaning of the NYLL and the regulations pertaining thereto.

69. At all times relevant to this Complaint, Plaintiffs were employed by Defendants within the meaning of NYLL §§ 2 and 651.

70. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §142-2.2.

71. By the above-alleged conduct, Defendants have failed to pay Plaintiffs overtime compensation for the time periods in which they worked in excess of forty (40) hours a week for Defendants.

72. By the above-alleged conduct, Defendants have failed to pay Plaintiffs overtime compensation as required by the NYLL and the regulations pertaining thereto.

73. Plaintiffs are not exempt from the overtime provisions of the NYLL and the regulations, because they have not met the requirements for any of the reduced number of exemptions available under New York law.

74. Defendants have acted willfully and have either known that their conduct violated the NYLL and the regulations pertaining thereto or have shown a reckless disregard for the matter of whether their conduct violated the NYLL. Defendants have not acted in good faith with respect to the conduct alleged herein.

75. As a result of Defendants' violations of the NYLL and the regulations promulgated therein, Plaintiffs have incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation pursuant to the NYLL.

## COUNT III

### NYLL Sections 190, 191, and 198
### (On behalf of Vazquez only)

76. Plaintiffs allege, re-allege and incorporate by reference all of the allegations from all preceding paragraphs as though fully set forth herein.

77. During his employment, Vazquez worked 63 hours each week but was only paid for 54 hours.

78. During his employment, Defendants suffered and permitted Vazquez to work 9 hours each week without paying him his regular rate of pay.

79. During his employment, Defendants suffered and permitted Vazquez to work 9 hours each week without paying him any compensation at all.

9

80. Defendants' failures to properly compensate Vazquez for all hours worked constituted outrageous conduct, made knowingly and willfully or with a reckless indifference to Plaintiff's rights.

81. As a result of Defendants' violations of the NYLL and the Regulations pertaining thereto, Vazquez has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation.

## COUNT IV
### NYLL Failure to Provide Wage Notices

82. Plaintiffs allege, re-allege and incorporate by reference all allegations from all preceding paragraphs as though fully set forth herein.

83. Defendants willfully failed to furnish Plaintiffs with wage notices during their employment as required by NYLL § 195(1), in English or in Spanish (the language identified by Plaintiffs as their primary language), which were to contain, among other things, Plaintiffs' rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiffs' regular hourly rates of pay and overtime rates of pay.

84. Through their knowing and intentional failure to provide Plaintiffs with proper wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting regulations.

85. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties of fifty dollars ($50.00) for each work week prior to February 27, 2015 in which Defendants failed to provide Plaintiffs with proper wage notices up to a maximum of twenty-five hundred dollars ($2500.00), in addition to statutory penalties of fifty dollars ($50.00) for each work day on or after February 27, 2015 in which Defendants failed to provide the Plaintiff with proper wage notices up to a maximum of five thousand dollars ($5,000.00), together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT V

### NYLL Failure to Provide Wage Statement Claim

86. Plaintiffs allege, re-allege and incorporate by reference all allegations from all preceding paragraphs as though fully set forth herein.

87. Defendants willfully failed to provide Plaintiffs with proper written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

88. Through their knowing and intentional failure to provide Plaintiffs with proper and accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting regulations.

89. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover statutory penalties of one hundred dollars ($100.00) for each work week prior to

February 27, 2015 that Defendants failed to provide the Plaintiffs with proper written wage statements up to a maximum of twenty-five hundred dollars ($2500.00), in addition to statutory penalties of two hundred fifty dollars ($250.00) for each work day on or after February 27, 2015 in which Defendants failed to provide Plaintiffs with proper wage statements up to a maximum of five thousand dollars ($5,000.00), together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, by and through their attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, in favor of Plaintiffs, for a sum that will properly, adequately, and completely compensate Plaintiffs for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Violated provisions of the FLSA by failing to pay overtime wages to the Plaintiffs;
2. Willfully violated the overtime provisions of the FLSA;
3. Violated the provisions of the NYLL by failing to pay overtime wages and regular wages to the Plaintiff;
4. Willfully violated overtime, and spread of hours provisions of the NYLL.

B. Award compensatory damages, including all overtime and regular wages owed, in an amount according to proof;

C. Award interest on all NYLL overtime and regular wages and other compensation due accruing from the date such amounts were due;

D. Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA and the NYLL; and

E. Provide such other and further relief as the Court deems just and equitable.

Dated: Massapequa, New York
April 27, 2017

Neil H. Greenberg & Associates, P.C.

By: Neil H. Greenberg, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: (516) 228-5100
Fax: (516) 228-5106
nhglaw@nhglaw.com

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Better Floors & Paint, LLC. y Jose Zambrano** y/o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **Better Floors & Paint, LLC. y Jose Zambrano** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

_____
Firma (Signature)

## FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra **Better Floors & Paint, LLC**. y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against **Better Floors & Paint, LLC** and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

_____
Firma (Signature)